[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Russell J. Gleason appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed a chemical test of the alcohol level of his blood after being arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds in favor of the defendant commissioner.
At the administrative hearing in this case, the hearing officer designated by the commissioner offered into evidence a written report by the police of the events surrounding the arrest and alcohol testing of the plaintiff. It consists of the first page of the department of motor vehicles form A-44 and three pages of narrative on a form entitled "Continuation of Investigation Report," being a form used by the Connecticut State Police. The A-44 form is not signed by a police officer, but it indicates that Officer R. Derry, Jr., Badge No. HC94, of the East Granby police was the CT Page 10049 arresting officer. Officer Derry appears to have signed each of the narrative pages, although not under oath and not subject to penalty of false statement. The report indicates that the report of another police officer, Officer Cherette of the Granby Police Department, is attached. It is not attached to the report that is in the record, however, and the transcript of the hearing indicates that Cherette's report was never presented in evidence. Neither Derry nor Cherette were present at the administrative hearing.
The plaintiff, through his attorney, specifically stated at the hearing that he did not object to the introduction of Derry's report.
Officer Derry's report states that at 2213 hours on July 12, 1993, Officer Cherette observed a vehicle operating erratically on Route 189 in East Granby. Derry requested Cherette to stop the vehicle. When Derry arrived at the scene, he found the vehicle stopped on Wolcott Road in East Granby and determined that the plaintiff was the operator.
Derry's report states that he administered the standard field sobriety tests to the plaintiff, which, in Derry's opinion, the plaintiff failed. According to the report, the plaintiff admitted to drinking prior to being stopped, stated that he wanted to be arrested, and suggested that Derry "shoot" him. Derry thereupon arrested the plaintiff, charging him with operating under the influence in violation of § 14-227a. The police then transported the plaintiff to state police headquarters in Hartford, where he submitted to breath tests at 2337 hours and 0035 hours. The results were, according to Derry's report, .192 and .168, respectively.
The plaintiff testified at the hearing and gave a substantially different version of the events. With relevance to the bases of his appeal, he stated that he had stopped at the side of the road and was himself calling the police on his cellular phone, to report a possible emergency at his home, when the police cruiser pulled up behind him. He stated that the police intentionally prevented him from performing well on the field sobriety tests, physically and verbally abusing him CT Page 10050 in the process. He stated that the police repeated the breath tests several times before they seemed satisfied with the results.
At the close of the administrative hearing, the plaintiff's attorney argued that the written police report is insufficient evidence to support any finding by the hearing officer that there was probable cause for the plaintiff's arrest or any finding as to operation of the vehicle by the plaintiff.
Following the hearing, the hearing officer rendered his final decision, finding that the police had probable cause to arrest the plaintiff, that the plaintiff was operating the vehicle, and that, at the time of operation, the plaintiff's alcohol/blood ratio was in excess of the legal limit. On the basis of those findings, the commissioner suspended the plaintiff's license.
In his brief the plaintiff raises two issues as the bases of his appeal: (1) that there was insufficient evidence to support the hearing officer's finding of probable cause; and (2) that there was insufficient evidence to support the finding as to whether and when the plaintiff was operating the vehicle.
There is no question that the police report, if believed, provides sufficient evidence to support the hearing officer's findings on the issues. The observations of the two police officers, Derry and Cherette, as related in the report, provide ample grounds for finding probable cause to arrest the plaintiff on the drunk driving charge. The officers' statements also support a finding that the plaintiff was operating his vehicle at or shortly before 2213 hours. That would mean that the breath testing was commenced within two hours after operation, thereby establishing that the plaintiff's alcohol level exceeded the legal limit at the time he was driving. General Statutes § 14-227b(f)(4), as amended by Public Act 93-371.
The essence of the plaintiff's arguments is that the police report consists of hearsay on top of hearsay and is not reliable evidence; in short, that it should not be CT Page 10051 believed. The plaintiff urges the court, as he urged the hearing officer, that the police report should be given no weight in determining the facts. Although the court agrees with the plaintiff that the police report, as presented at the administrative hearing and introduced in evidence, appears incomplete, is not properly signed in accordance with the applicable statute and regulation and contains hearsay and double hearsay, the court is not in a position to discredit it.
General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v.Civil Service Commission, 4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987). Furthermore, "[w]hen hearsay statements have come into a case withoutobjection they may be relied upon by the trier, in proof of the matters stated therein, for whatever they were worth on their face." (Citations and internal quotation marks omitted; emphasis added.) Volck v. Muzio, 204 Conn. 507,518 (1987). Since the plaintiff expressly waived any objection to the introduction of the police report in evidence at the administrative hearing, the hearing officer was not in error to accept it and rely on it in proof of the statements contained in it.
With respect to the plaintiff's arguments that the hearing officer should not have accorded the report any weight in arriving at his factual determinations, a basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." "With regard to questions of fact, it is (not) the function of the trial court . . . to retry the case or to substitute its judgement for that of the administrative agency." CL P v. DPUC, 219 Conn. 51, 57-58 (1991). "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital ofSt. Raphael v. Commission on Hospitals Health Care,182 Conn. 314, 318 (1980). CT Page 10052
In the present case, as noted, the police report provides sufficient basis to support the hearing officer's findings. Once admitted in evidence.[,] the hearing officer was entitled to rely on it and afford it as much weight as he deemed appropriate. The court cannot second-guess the hearing officer's decision to admit the report, especially in the absence of any objection by the plaintiff at the hearing.
The appeal is dismissed.
MALONEY, J.